```
            IN THE UNITED STATES DISTRICT COURT
          FOR THE NORTHERN DISTRICT OF ILLINOIS
                      EASTERN DIVISION


United States of America,      )
                               )
     Plaintiff,                )
                               )
                               )
     v.                        )   No. 15 CR 724
                               )
Ishaihu Harmelech              )
                               )
     Defendant                 )
```

MEMORANDUM OPINION AND ORDER

From 2005-2011, Ishaihu Harmelech ran a sophisticated scheme to provide fraudulent DIRECTV services to nursing homes, apartment complexes, hotels, and other multi-dwelling residences. The intricacies of the scheme are described in detail in the Seventh Circuit's opinion affirming Harmelech's 48-month sentence, which I imposed after he pled guilty to mail fraud. *U.S. v. Harmelech*, 927 F.3d 990 (7th Cir. 2019). The short of it is that Harmelech falsely represented himself as an authorized dealer of DIRECTV services, then, through companies he owned, provided services for which his customers paid him, but for which he did not pay DIRECTV. He achieved this by establishing fraudulent accounts for single-family residences (sometimes in the names of fictitious individuals, other times in the names of real people whose personal information he stole), then using those accounts to distribute cable services to multiple dwelling units whose residents paid Harmelech's companies

much more than Harmelech ever paid over to DIRECTV. Harmelech's companies made millions of dollars off the fraud until DIRECTV got wise to the scheme and put an end to it in 2011.

Although Harmelech has served less than half of his sentence, he seeks immediate release on compassionate grounds under 18 U.S.C. § 3582(c)(1)(A). As amended by Section 603(b) of the First Step Act, the statute provides that:

[t]he court may not modify a term of imprisonment once it has been imposed except that—

(1) in any case—

(A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

(i) extraordinary and compelling reasons warrant such a reduction;

...

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A).

Harmelech argues that his age (he is 69) and medical conditions including diabetes, coronary artery disease, hypertension, obesity, renal disease, and high cholesterol, make him especially vulnerable to serious illness or death if he is exposed to the novel coronavirus that is spreading unabated throughout various regions of the U.S. Harmelech, who is an Israeli citizen and permanent resident of the United States, emphasizes that he is subject to an immigration detainer and that he will consent to immediate removal to Israel if he is released from prison.

The government does not dispute that Harmelech's age and poor health increase his risk of illness from Covid-19. Nevertheless, it opposes his motion on the ground that his likelihood of recidivism makes him a danger to the community, regardless of whether he remains in the U.S. or is removed to Israel. The government adds that the § 3553(a) factors, including the seriousness of the offense and the need for deterrence and to promote respect for the law, likewise militate against release. I agree.

The DIRECTV fraud scheme was not Mr. Harmalech's first rodeo. In fact, Harmelech was previously incarcerated after being convicted of fraud in 1996, and information in Harmelech's presentence investigation report suggests that he may have started the scheme in

3

this case while still on supervised release from that case. His scheme here was multifaceted and long-running, and it did not appear to me at his sentencing—nor does anything in his present submissions suggest—that he feels remorse for his misconduct or the losses he caused his victims, or that he intends to conduct himself differently in the future. To the contrary, the first half of his prison sentence has been marred by six write-ups, including several for offenses consistent with deceptive or coercive conduct, such as feigning illness and attempting to bribe a prison official. Harmalech's argument that his age makes him unlikely to recidivate rings hollow in light of this recent conduct and the fact that he was already past the age at which the likelihood of criminal activity tends to decrease when he engaged in the offense at issue.

Moreover, while it is true that prisons in general are among the types of densely-populated facilities that are highly susceptible to infectious outbreaks, Mr. Harmalech's motion says nothing about his particular conditions of confinement. For example, he offers no facts at all about the extent of any contact he may have with other inmates or prison staff, his ability to follow the CDC's recommendations for illness prevention, or any measures the prison has taken to offset the risk of infection.[1] Nor does he assert

---

[1] Mr. Harmalech indicates that he is "designated to be transferred" and argues that the transfer procedure itself will put him at risk. But his argument is entirely speculative, as the evidence reflects that his transfer has yet to be scheduled, and it might not occur at all until the risk of infection has subsided.

that he is unable to receive adequate treatment for his health issues at the facility in which he is housed. At bottom, his motion rests exclusively on the potential for Covid-19 to cause serious illness in someone of his age and medical profile. But the Covid-19 outbreak does not "warrant the release of every federal prisoner with health conditions that make them more susceptible to the disease." *United States v. Miller*, No. 18-CR-30034, 2020 WL 2093370, at *2 (C.D. Ill. May 1, 2020).

Because Mr. Harmelech has failed to show that his actual conditions of confinement place him at a heightened risk of becoming infected with Covid-19; because I am not persuaded that the public will be safe from his fraudulent conduct in the future; and because his immediate release—even if he is removed to Israel shortly thereafter—would not promote respect for the law, I deny Mr. Harmalech's motion.

                                              **ENTER ORDER:**

                                          **Elaine E. Bucklo**
                                      United States District Judge

Dated: July 16, 2020